[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12100

_____

D.C. Docket No. 1:11-cv-22408-MGC

MR. EDUARDO AMORIN, et al.,

                                                    Plaintiffs,

PARKER WAICHMAN, LLP,
MILSTEIN JACKSON FAIRCHILD & WADE, LLP,
WHITFIELD BRYSON & MASON, LLP,
MRACHECK FITZGERALD ROSE KONOPKA
THOMAS & WEISS, PA,
ROBERTS AND DURKEE PA,
LEVIN PAPANTONIO THOMAS MITCHELL
RAFFERTY PROCTOR, PA,

                                                    Interested Parties - Appellants,

versus

TAISHAN GYPSUM CO., LTD.,
f.k.a. SHANDONG TAIHE
DONGXIN CO., LTD., et al.,

                                                    Defendants,

ARNOLD LEVIN,

STEPHEN J. HERMAN,
RICHARD J. SERPE,
PATRICK SHANAN MONTOYA,
SANDRA S. DUGGAN,

Interested Parties - Appellees.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

(June 9, 2021)

Before WILSON, ROSENBAUM, and HULL, Circuit Judges.

WILSON, Circuit Judge:

## I.

This appeal concerns a discrete disagreement over attorneys' fees following a fractured multidistrict litigation (MDL) about defective Chinese drywall. A group of attorneys appointed by the MDL court (Class Counsel) were awarded common benefit costs and fees by the district court. The award comes out of fees received by another group of attorneys (Individual Counsel) who negotiated private settlements for 497 Florida plaintiffs.[1] The order awarded Class Counsel 45% of

---

[1] Class Counsel is a generic term that encompasses numerous attorneys involved in the overarching litigation. For purposes of this appeal, Class Counsel includes Arnold Levin, Stephen J. Herman, Richard J. Serpe, Patrick S. Montoya, and Sandra S. Duggan. Individual Counsel includes the firms Parker Waichman LLP; Milstein, Jackson, Fairchild & Wade LLP; Whitfield, Bryson & Mason LLP; Roberts & Durkee, PA; Levin Papantonio Thomas Mitchell Rafferty Proctor PA; and Mrachek, Fitzgerald, Rose, Konopka, Thomas & Weiss P.A.

the total fees received by Individual Counsel for the Florida Individual Settlements (FIS). Individual Counsel appealed. Because the district court did not abuse its discretion in awarding these fees, we affirm.

## II.

This MDL arose out of thousands of complaints filed against Chinese drywall manufacturers and other companies that were involved in the production and sale of the drywall. The plaintiffs, primarily from Florida and Louisiana, alleged extensive property damage and some physical ailments caused by the defective drywall. The case was transferred to the Eastern District of Louisiana (the MDL court) for consolidated pretrial proceedings before Judge Fallon.

In 2018, 1,734 Florida cases from the MDL were remanded to Judge Cooke in the Southern District of Florida (SDFL) for further proceedings. Individual Counsel subsequently negotiated an agreement with a group of defendants that offered nearly 500 of the Florida plaintiffs an individual settlement to resolve their claims. Class Counsel and Individual Counsel entered an agreement to litigate any claims for common benefit fees in the SDFL. The defendants made a total payout of more than $40 million dollars to the 497 claimants who accepted the FIS. The claimants paid attorneys' fees to Individual Counsel pursuant to private contingency fee agreements.

3

In August 2019, Class Counsel moved for an award of common benefit costs and/or fees from the proceeds of the FIS. Arguing that a substantial amount of their foundational work was used to secure the FIS, Class Counsel claimed that they were entitled to 20% of the total settlement. Individual Counsel opposed the motion, arguing that Class Counsel was not entitled to any fees or costs from the FIS.

Meanwhile, the MDL court approved a global settlement between the same defendants and the remaining class members in January of 2020. The plaintiffs involved in the FIS were not a part of this settlement. The MDL court awarded Class Counsel 60% of the fees obtained in the global settlement.

Back in the SDFL, Class Counsel amended their award motion to request 60% of the attorneys' fees of the FIS—consistent with the MDL court's award. In May 2020, the district court partially granted Class Counsel's amended motion for a common benefit award. The district court found that the settling claimants benefitted from Class Counsel's work in the MDL court and in the global settlement.[2] Accordingly, the district court awarded Class Counsel 45% of all fees obtained by Individual Counsel. Individual Counsel appealed.

---

[2] The FIS included a Most Favored Nations (MFN) clause that would have increased each plaintiff's payout if a more valuable settlement were reached with any other Florida class plaintiff. The MFN clause ultimately increased the FIS plaintiffs' recovery by more than $12 million.

**III.**

We have jurisdiction over this appeal pursuant to the collateral order doctrine as the amount of the disputed fees is fixed, the district court's allocation of that amount is completely separate from the merits of the underlying action, and the appeal is unaffected by further district court proceedings.[3] *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546–47 (1949); *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981).[4]

A district court's award of attorneys' fees is reviewed for abuse of discretion. *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 770 (11th Cir. 1991). An abuse of discretion occurs if the district court "applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." *Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1068 (11th Cir. 2014) (citation and quotation marks omitted). "The district court has great latitude in formulating attorney's fees awards subject only to the necessity of explaining its reasoning so" the decision can be reviewed. *Waters v. Int'l Precious Metals Corp.*,

---

[3] One Florida plaintiff, M.E., did not accept the FIS settlement and was prevented from joining the global settlement. Class Counsel argues that the merits of M.E.'s claims remain pending as she actively litigates her claims individually, depriving us of appellate jurisdiction. However, the district court docket indicates that M.E. is no longer represented by Individual Counsel, and the resolution of her claims and attorney's fees is completely separate from the common benefit fees dispute at issue in this appeal.

[4] Accordingly, the motion to dismiss for lack of appellate jurisdiction, which was carried with the case, is denied.

190 F.3d 1291, 1293 (11th Cir. 1999) (internal quotation mark omitted). "A district court's order on attorney's fees must allow meaningful review—the district court must articulate the decisions it made, give principled reasons for those decisions, and show its calculation." *In re Home Depot Inc.*, 931 F.3d 1065, 1089 (11th Cir. 2019) (internal quotation marks omitted). "The level of specificity required . . . is proportional to the specificity of the fee opponent's objections." *Id.*

## IV.

Individual Counsel argue that common benefit fees are only appropriate when there is a "common fund" from which to award the fees. *See* William B. Rubenstein, *Newberg on Class Actions* § 15:56 (5th ed. 2021) (describing examples of what is and is not a common fund). They contend that the award is inappropriate here because there is no common fund, nor is there judicial supervision of the alleged fund. They argue that the court therefore erred by treating the FIS as a common fund from which it can allocate the costs of litigation among those who benefitted from the suit.

Individual Counsel further contend that there was no unjust enrichment or free-rider problem here, as those doctrines are about *plaintiffs* as free riders, not attorneys. *See* Rubenstein, § 15:61 (discussing unjust enrichment in common benefit cases). And they argue that there is no equity issue because Class Counsel have already been heavily compensated for their common benefit work by the

MDL court. Alternatively, Individual Counsel argue that even if a common benefit fee was appropriate here, the order does not allow for meaningful review and the percentage standard for calculating an award was misapplied because the court did not analyze each *Johnson* factor. *See Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).[5]

Class Counsel argue that the FIS need not be a class settlement for a common benefit-like award to be proper. *See Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 167 (1939) ("[W]hen such a fund is for all practical purposes created for the benefit of others, the formalities of the litigation . . . hardly touch the power of equity in doing justice as between a party and the beneficiaries of his litigation."); *see also In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1016 (5th Cir. 1977) (holding that "the district court had the power to direct that the [court-appointed Plaintiffs'] Committee and its counsel be compensated and that requiring the payment come from other attorneys was permissible.").

They argue that common benefit fees—whether for class actions or MDLs— are based on equity and quantum meruit. *See* Eldon E. Fallon, *Common Benefit Fees in Multidistrict Litigation*, 74 La. L. Rev. 371, 375–76 (2014). Because it was Class Counsel who established jurisdiction over the defendants, obtained default

---

[5] Decisions of the Fifth Circuit predating September 30, 1981, are binding on us. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

judgments that were essential to establishing liability, and prepared and filed the complaints, among other things, Class Counsel claim that the award was appropriate here to ensure equity.

Finally, Class Counsel argue that the 45% award was reasonable, and the district court carefully applied the *Johnson* factors, including "the time and labor required" and the "novelty and difficulty of the questions involved." *See Johnson*, 488 F.2d at 717–19.

We affirm the fee order. The district court did not abuse its discretion in awarding Class Counsel 45% of the fees earned by Individual Counsel in the FIS.

"[A] litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). "The doctrine rests on the perception that persons who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the successful litigant's expense." *Id.*

Recognizing the purpose and importance of these awards, our precedent maintains that common benefit fees—grounded in the courts' equity power—need not satisfy rigid eligibility requirements. *See, e.g.*, *Fla. Everglades*, 549 F.2d at 1019 ("Because the payment was assessed against the attorneys this case does not quite fit in the equitable fund cases. It need not precisely fit."). In *Florida*

8

*Everglades*, the former Fifth Circuit explained that the "[d]etermination of whether a fund exists is a combination of traditional and pragmatic concepts centering around the power of the court to control the alleged fund." *Id.* at 1018.

Particularly in complex litigation, courts have broad managerial power that includes significant discretion in awarding fees. *See id.* at 1012. The panel in *Florida Everglades* explained the "much larger interests" that arise in MDL cases—not only the sheer number of plaintiffs and claims involved but also the importance of effectively and efficiently managing the crushing caseloads of federal courts. *Id.* Thus, the "broad grant of authority" awarded to trial courts when consolidating cases necessarily includes the ability to compensate appointed counsel that carry "significant duties and responsibilities." *Id.* at 1013–14, 1016.

Individual Counsel cite to cases from other circuits to argue that this case does not have any common fund that would allow for this type of award because the FIS consists of *individual* settlements subject to their own contingency fee agreements.[6] But those cases involve factually different scenarios. In many of those cases, the defendants—not the class members—were paying the fees, which made them not "common fund" cases at all. *See generally In re Home Depot*, 931 F.3d at 1079 ("Thus, the key distinction between common-fund and fee-shifting

---

[6] *See, e.g., Weinberger v. Great N. Nekoosa Corp.*, 925 F.2d 518, 526 n.10 (1st Cir. 1991); *Christensen v. Kiewit-Murdock Inv. Corp.*, 815 F.2d 206, 208 (2d Cir. 1987).

cases is whether the attorney's fees are paid by the client (as in common-fund cases) or by the party (as in fee-shifting cases).").

Here, the "common fund" was the fees generated by Individual Counsel in the FIS. The district court had control over the funds pursuant to the agreement of the parties to litigate common benefit fees in the SDFL and the actions taken by the court after the settlement agreement was first filed. Awarding a portion of these fees to Class Counsel was therefore within the district court's power.

The district court rightly acknowledged that Individual Counsel worked hard to bring about the FIS. But their work did not exist in a vacuum. They benefitted from the decade of foundational work that Class Counsel exerted in this groundbreaking MDL, which involved evasive defendants in China, complex jurisdictional challenges requiring two trips to the Fifth Circuit, decertification attempts, and liability determinations. That Class Counsel has otherwise been compensated for this work does not prevent them from continuing to reap the rewards of their efforts. Moreover, preventing appointed counsel from recovering awards when their work leads to massive recoveries down the road would make it harder for courts to find capable and competent lawyers to take on that work in the future. *See Fla. Everglades*, 549 F.2d at 1016.

After considering the efforts and outcomes of each group of attorneys at each stage of the litigation, the district court awarded a reasonable percentage of

10

the fees as common benefit fees. *See Camden I Condo. Ass'n*, 946 F.2d at 774 ("There is no hard and fast rule mandating a certain percentage of a common fund which may reasonably be awarded as a fee because the amount of any fee must be determined upon the facts of each case.").

It is appropriate for courts to consider the *Johnson* factors when determining the proper percentage. *Id.* at 775.[7] The district court did that here. In particular, the order contemplates the "time, effort, and skill" that Individual Counsel exerted in the FIS negotiations. It considers the specific contributions of Class Counsel including "discovery, travel (both domestic and foreign), motion practice, conferences, appeals, court appearances, and settlement negotiations." The order also reflects Judge Cooke's appreciation for the novelty and difficulty of the case, as well as the amount of money involved. Though the court found the MDL court's reasoning to be "persuasive and instructive," Judge Cooke still exercised independent judgment—considering the facts of the cases before her and awarding a lower percentage of fees because of the significant efforts of Individual Counsel. This was not an abuse of discretion.

---

[7] The *Johnson* factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717–19.

**V.**

Lastly, Individual Counsel argue that they were denied due process because the district court denied discovery, refused to hold a hearing, and adopted findings from the MDL court's proceedings where Individual Counsel were not permitted to participate. We are not persuaded by this argument.

"Due process, in its most basic form, still requires notice and an opportunity to be heard." *S.E.C. v. Torchia*, 922 F.3d 1307, 1316 (11th Cir. 2019). Both were afforded to Individual Counsel here. Individual Counsel were aware of Class Counsel's request for an award. The court permitted numerous briefs and documentary evidence to be filed, providing a fair opportunity to be heard. A hearing was not required. *See Miles v. Sampson*, 675 F.2d 5, 9–10 (1st Cir. 1982) (noting that while a hearing on attorneys' fees may be helpful, "no case holds that a hearing is mandatory"). Moreover, while the district court relied on the MDL court's findings, it still considered the facts and realities of the case at hand—adjusting the award to account for the effort and type of work completed by Individual Counsel. This was not a due process violation, nor an abuse of discretion. So we affirm.

**AFFIRMED.**